# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 08-195(1) (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Donald Alexander Steele, Jr., | |
| Defendant. | |

Colin P. Johnson, Surya Saxena, and James S. Alexander, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

William M. Orth, Esq., Law Office of William M. Orth, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Donald Alexander Steele, Jr.'s ("Defendant") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 84.)  The United States of America (the "Government") opposes Defendant's motion.  (Doc. No. 88.)  For the reasons set forth below, the Court denies Defendant's motion.

## BACKGROUND

On February 10, 2009, a grand jury in the District of Minnesota returned a Superseding Indictment against Defendant charging him with twenty-two offenses, including various counts of conspiracy, bank fraud, possession of stolen mail, and identity

theft.  (Doc. No. 43.)   Ultimately, Defendant entered into a plea agreement with the Government and, on April 6, 2009, pleaded guilty to Counts One (Conspiracy), Five (Bank Fraud), and Twenty (Aggravated Identity Theft) of the Superseding Indictment.  (*See* Doc. No. 60.)

On January 26, 2010, this Court sentenced Defendant to a total term of 104 months: 60 months on Count One, and 80 months on Count Five, to be served concurrently; and 24 months on Count Twenty, to be served consecutively to the terms imposed on Counts One and Five, followed by a five-year period of supervised release.  (Doc. Nos. 73, 75.) Defendant did not file a direct appeal to the Eighth Circuit Court of Appeals.

On May 8, 2012, Defendant filed the § 2255 motion now before the Court.  (Doc. No. 84.)   Defendant seeks to vacate his sentence on the grounds that Defendant was denied effective assistance of counsel.   Defendant asserts that his lawyer was ineffective by:   (1) counseling Defendant to accept a plea agreement that recommended a 120-month sentence; and (2) failing to seek a psychological evaluation on Defendant's behalf.

## DISCUSSION

**A.**   **Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard that governs this Court's review of a federal prisoner's claim that his sentence was imposed in violation of the Constitution or laws of the United States.   Such claims, however, are barred by the statute of limitations set forth in 28 U.S.C. § 2255(f), which states:

2

> A 1-year period of limitation shall apply to a motion under this section.   The
> limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   According to the statute, a prisoner seeking relief from a sentence imposed by a federal court must file his motion within one year after the court's judgment of conviction "becomes final."   28 U.S.C. § 2255(f)(1).   The statute provides for a tolling of the one-year period in the event that:   (1) the inmate's inability to file in a timely manner results from an impediment created by governmental action; (2) the motion relies on a right, newly recognized by the Supreme Court, that is retroactively applicable to cases on collateral review; or (3) the date on which the facts that underlie the claims presented could have been discovered through the exercise of due diligence differs from the date the conviction becomes final.   28 U.S.C. § 2255(f).

In the instant case, the Court entered its sentencing judgment on February 4, 2010, and filed an amended sentencing judgment on February 12, 2010.   (Doc. Nos. 74, 75.) Defendant did not file a direct appeal with the Eighth Circuit.   Defendant's conviction thus became final no later than February 26, 2010.   See Fed. R. App. P. 4(b)(1)(A) (permitting direct appeal within 14 days of entry of judgment); *Anjulo-Lopez v. United States,* 541 F.3d 814, 816 n.2 (8th Cir. 2008) (noting that, where a criminal defendant did

not file a direct appeal, his conviction did not become "final" for the purposes of a § 2255 motion until the expiration of the period for filing a notice of appeal).   Consequently, the one-year statutory period for filing a § 2255 motion expired by February 26, 2011.[1] Defendant filed the motion now before the Court on May 8, 2012.   (Doc. No. 84.) Defendant argues that equitable tolling should apply and that his motion is timely as such. The Court disagrees.

Equitable tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevented the timely filing of a § 2255 motion, so long as "the petitioner or movant has demonstrated diligence in pursuing the matter."   *United States v. Martin,* 408 F.3d 1089, 1095 (8th Cir. 2005).   The Government asserts that no such "extraordinary circumstances" beyond Defendant's control prevented him from filing his motion. Defendant claims that he did not discover that appeal and § 2255 procedures were available to him until July 26 or 27, 2011, when he received a mailing from Alan Ellis informing him of his appeal rights.   (Doc. No. 84 at 13 & Ex. A.)   Defendant also cites to improper legal advice of trial counsel in support of his claim of diligence.   (*See id*.)   None of the arguments in support of his motion, however, are novel or could not have been raised in a timely fashion.   Moreover, any negligence or mistake on the part of Defendant's trial lawyer does not rise to the level of an "extraordinary circumstance" that would justify

---

[1]   The Government argues that Defendant executed a valid and enforceable waiver of appeal, presumably thus rendering the conviction final at the time of the entry of the original judgment.   (*See* Doc. No. 61.)   For purposes of its timeliness analysis only, the Court presumes that Defendant was entitled to seek the full spectrum of appellate relief and that Defendant's conviction did not become final until the time for filing a notice of appeal would have expired:   fourteen days after the entry of the amended judgment.

equitable tolling. *See Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) ("[T]he doctrine of equitable tolling is available to a § 2255 movant, but it is available only where an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary.") (internal quotation omitted). Although Defendant claims that his attorney's advice regarding the plea agreement, including the waiver of Defendant's appeal rights, and the risk of an increased sentence constituted ineffective assistance of counsel, there is no allegation of deceit, misrepresentation, or other serious misconduct on the part of his attorney that prevented Defendant from timely filing his § 2255 motion. *See id.* The Court finds that Defendant has failed to demonstrate that he diligently pursued his claims.[2]

Accordingly, the Court concludes that equitable tolling does not apply to Defendant's § 2255 motion. Defendant's motion is thus untimely and is subject to dismissal on that ground alone.

**B.   Ineffective Assistance of Counsel**

Even if Defendant's motion had been timely filed, he has failed to raise a viable ineffective assistance of counsel claim. Specifically, Defendant argues that counsel was

---

[2]   Defendant relies on *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), in support of his claim that equitable tolling should apply. The Court finds *Lafler* distinguishable from the case at hand. *Lafler* involved a defendant who followed his attorney's advice to forgo a plea agreement and to proceed to trial, which ultimately resulted in a higher sentence than that offered by the Government. Here, not only did Defendant accept the plea agreement offered by the Government, but the Court ultimately imposed a 104-month sentence: sixteen months shorter than the 120-month term agreed upon by the parties. (*See* Doc. Nos. 61, 75.)

ineffective by improperly advising him with respect to the plea agreement and by failing to request a psychological evaluation.

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions.  U.S. Const. amend. VI.  In order to prevail on an ineffective assistance of counsel claim under § 2255, however, a defendant must overcome a "heavy burden."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  To overcome that burden, a defendant must first "show that counsel's performance was deficient."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*.  Second, the defendant must establish that the deficient performance actually prejudiced the defense.  *Id*.

In order to establish that there was a deficient performance, the defendant must show that the errors were not the result of a "reasonable professional judgment."  *Id*. at 690.  There is a strong presumption "that counsel . . . rendered adequate assistance."  *Id*.  A defendant must prove, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  Here, the Court concludes that Defendant has failed to meet the burden necessary to demonstrate that his counsel provided ineffective assistance.

Defendant claims that his attorney's failure to insist upon a psychological evaluation and his advice to accept a plea agreement with a recommended 120-month sentence support a claim for ineffective assistance of counsel.  The record indicates,

however, that Defendant's trial attorney advised the Court of Defendant's mental health issues and various diagnoses prior to sentencing. (Doc. No. 66 at 4-5.) Additionally, defense counsel urged the Court to consider a lower sentencing guidelines range for Defendant. (*Id.* at 1-3.) The Court considered those arguments at the time of sentencing. Ultimately, Defendant was sentenced to only 104 months. Therefore, the Court concludes that Defendant's claim that his attorney was ineffective in the aforementioned ways fails.

Based on the record before the Court, there is no reason for the Court to explore any credibility issues with respect to Defendant's claims. A § 2255 motion can be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case. Not only is Defendant's motion untimely, but his ineffective assistance claims are facially inadequate.[3]

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant

---

[3] The Court also notes that, pursuant to the plea agreement, Defendant waived his right to appeal his sentence "directly or collaterally." (*See* Doc. No. 61 ¶ 10.)

has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether issuance of a certificate of appealability ("COA") is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*)). Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the sentence and the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence (Doc. No. [84]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 5, 2012          s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge